MANNING LAW, APC
Joseph R. Manning, Jr., Esq. (SBN 223381)
Michael J. Manning, Esq. (SBN 286879)
Tristan P. Jankowski, Esq. (SBN 290301)
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660
Telephone: (949) 200-8755

*Attorneys for Plaintiff*
REBECCA CASTILLO

SACKS, RICKETTS AND CASE LLP
Robert B Bader
177 Post Street, Suite 650
San Francisco, CA 94108

*Attorneys for Defendant*
MEINEKE CAR CARE CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEINEKE CAR CARE CENTERS, LLC, a North Carolina corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-08878-ODW-RAO<br><br>**CONSENT DECREE** |

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff Rebecca Castillo ("Plaintiff"), and Defendant Meineke Car Care Centers, LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. On or about August 30, 2018, Plaintiff filed a lawsuit against Defendant in the Superior Court of California, County of Los Angeles, entitled *Rebecca Castillo v. Meineke Car Care Centers, LLC*, Case No. KC070574. On October 15, 2018, Defendant removed the lawsuit to the United States District Court for the Central District of California, Case No. 2:18-cv-08878-ODW-RAO (the "Action"). Plaintiff alleged that Defendant's website: www.meineke.com (the "Website") is not fully accessible to individuals with disabilities in violation of California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Civil Rights Act") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

3. Defendant expressly denies that the Website violates any federal, state or local law, including the Unruh Civil Rights Act and the ADA, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5. This Consent Decree is entered into by Plaintiff, individually, but is intended to inure to the benefit of vision impaired individuals.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.

-2-

DocuSign Envelope ID: 24D166C8-6B58-4851-AA05-94F653745516

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a commercially reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraph 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on Defendant's Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

## RELEASE OF CLAIMS

11. For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged by Plaintiff, Plaintiff, on

her own behalf, and on behalf of any of her family members, employees, partners, grantees, agents, representatives, heirs, executors, administrators, devisees, trustees, successors, assigns, assignors, attorneys, and any other entities in which Plaintiff has an interest and all of their respective affiliates, and all persons acting directly or indirectly on behalf of any of the foregoing (collectively, the "Releasing Parties"), hereby agrees to release and forever discharge the Defendant, entities the Defendant or any of its affiliates may acquire, purchase, or absorb in the future, and joint ventures now existing or hereafter created by the Defendant or any of its affiliates, each and all of their respective direct and indirect past, present, and future parent entities, subsidiaries, divisions, affiliates, legal successors, and predecessors (including entities they have acquired, purchased, or absorbed, and entities for which they have purchased substantially all of the assets), and each of all of their respective direct and indirect owners, management, controlling parties, entities under common control, officers, members, partners, directors, servants, agents, employees, incorporators, shareholders, investors, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, insurers, vendors, service providers, website developers, and website hosting servers (collectively, the "Released Parties") from any and all liabilities, causes of action, charges, complaints, suits, claims, actions, liabilities, obligations, costs, losses, damages, lawsuits, losses, rights, judgments, fees, costs, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto or for reimbursement of attorneys' fees, costs and expenses, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other, of any jurisdiction, foreign or domestic, whether in law or in equity arising out of or relating to: (i) the Website and the Action; (ii) any acts or omissions by the Releasing Parties occurring,

DocuSign Envelope ID: 34D166C8-6BE8-4851-AA05-94F653745516

or conditions existing, prior to the Effective Date; and (iii) any costs, attorneys' or expert fees, or expenses incurred or to be incurred by the Releasing Parties in connection with the subject matter hereof (collectively, the "Released Claims"). The Releasing Parties hereby acknowledge and agree that, except as expressly set forth in this Agreement, the Released Parties have no other liabilities or obligations, of any kind or nature, owed to the Releasing Parties, in connection with or relating to the Released Claims or otherwise.

12. Plaintiff hereby expressly and knowingly waives and relinquishes any and all rights that she has or might have relating to the Released Claims under California Civil Code § 1542 (and under any and all other statutes or common law principles of similar effect) which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

13. Plaintiff acknowledges that she may hereafter discover facts different from, or in addition to, those which she now believes to be true with respect to the Released Claims above. On her own behalf and on behalf of all of the Releasing Parties, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Released Claims. By executing this Agreement, Plaintiff acknowledges the following: (a) she is represented by counsel of her own choosing; (b) she has read and fully understands the provisions of California Civil Code § 1542; and (c) she has been specifically advised by her counsel of the consequences of the above waiver and this Agreement generally.

14. Plaintiff agrees not to sue or file a charge, complaint, grievance, demand for arbitration, or other proceeding against the Released Parties in connection with the Released Claims in any forum or assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the Released Claims, unless required to do so by court order, subpoena or other directive by a court, administrative agency, arbitration panel or legislative body, or unless required to enforce this Agreement. To the extent any such claim, arbitration, suit, action, investigation or other proceeding may be brought by a third party, Plaintiff expressly waives any claim to any form of monetary or other damages, or any other form of recovery or relief in connection therewith, except for statutorily required witness fees.

## TERM

15. The term of this Consent Decree shall commence as of the Effective Date and remain in effect and expire by its own terms at the end of: (1) thirty-six (36) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA (the "Expiration Date").

## GENERAL NONDISCRIMINATION REQUIREMENTS

16. Pursuant to the terms of this Consent Decree, Defendant:

   a. shall use Reasonable Efforts not to deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein;

   b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the

|     |    |                                                                                   |
|-----|----|-----------------------------------------------------------------------------------|
| 1   |    | goods, services, privileges, advantages, and accommodations                       |
| 2   |    | provided through the Website as set forth herein; and                             |
| 3   | c. | shall use Reasonable Efforts to ensure that persons with a                        |

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein.

## COMPLIANCE

17. Web Accessibility Conformance Timeline: Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to or from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the United States Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Within twelve (12) months of the Effective Date, Defendant shall ensure that the Website, if in existence, substantially conforms in all material respects to the Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria ("WCAG 2.1 AA"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C") in such a manner so that the Website will be accessible to persons with disabilities. Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final

regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.1, Defendant shall have the option of substantially complying in all material respects with such legal standard in its sole and absolute discretion.

b. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; and the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the W3C; or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with WCAG 2.1 AA, Defendant will have nonetheless met its obligations under this Consent Decree.

c. If Defendant's ability to meet the deadline for compliance is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

d. Defendant shall not be responsible for ensuring that third party content, advertisements, websites and/or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to or from the Websites are accessible or otherwise conform to WCAG 2.1 AA.

## SPECIFIC RELIEF TO PLAINTIFF

18. Specific Relief: Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Confidential Addendum"), the remedial portions of which are hereby incorporated by reference into this Consent Decree but not publicly filed. This Consent Decree, together with the Confidential Addendum referenced in this Paragraph 18, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree, shall be enforceable regarding the matters described herein.

## PROCEDURES IN THE EVENT OF DISPUTES

19. Prior to the Expiration Date, if a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-complying Party thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

| | |
|---|---|
| For PLAINTIFF: | Joseph R. Manning, Esq.<br>Manning Law, APC<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>Tel: 949-200-8755<br>Email: adapracticegroup@manninglawoffice.com |
| For DEFENDANT: | Robert B. Bader, Esq.<br>Sacks, Ricketts & Case LLP<br>177 Post Street, Suite 650<br>San Francisco, CA 94108<br>Tel: 415-504-3148<br>Email: rbader@srclaw.com |

## MODIFICATION

20. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

21. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of California.

22. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 2, other than the terms of the Confidential Addendum, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 2, shall be enforceable, other than the Confidential Addendum.

23. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

24. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

25. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

26. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF

Dated: 2/19/2019       By: _Rebecca Castillo_ (DocuSigned)

DEFENDANT

Dated: _____     By: _____

                       Its: _____

-11-

CONSENT DECREE

APPROVED AS TO FORM AND CONTENT:

MANNING LAW, APC

Dated: 2-19-2019

By: _____
Joseph R. Manning, Jr.

Attorneys for Plaintiff

SACKS, RICKETTS & CASE LLP

Dated: _____

By: _____
Robert B. Bader, Esq.

Attorneys for Defendant

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

24. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

25. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

26. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF

Dated: _____    By: _____

DEFENDANT

Dated: February 19, 2019    By: [signature]

Its: EVP and Secretary

-11-

APPROVED AS TO FORM AND CONTENT:

MANNING LAW, APC

Dated: _____

By: _____
Joseph R. Manning, Jr.

Attorneys for Plaintiff

SACKS, RICKETTS & CASE LLP

Dated: 2/19/19

By: _____
Robert B. Bader, Esq.

Attorneys for Defendant

-12-

# COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1332;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

_____
U.S.D.J.

-13-

CONSENT DECREE